**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: AUBURN ACE HOLDINGS LLC, <br><br> Debtor, <br><br> ———————— <br><br> AUBURN ACE HOLDINGS LLC, <br><br> Appellant, <br><br> v. <br><br> CENTRUM FINANCIAL SVCS INC, WELLS FARGO BANK NA, <br><br> Appellees. | No. 10-35364 <br><br> D.C. No. 2:09-cv-00909-RSL <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Chief District Judge, Presiding

Argued and Submitted June 9, 2011
Seattle, Washington

Before:  REINHARDT, W. FLETCHER, and RAWLINSON, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellant Auburn Ace Holdings L.L.C. (Auburn Ace) challenges the bankruptcy court's grant of summary judgment and dismissal of Auburn Ace's quiet title action against Appellee Centrum Financial Services Inc. (Centrum). Auburn Ace maintains that its president, Ben Errez (Errez), lacked the requisite authority to enter into a loan agreement with Centrum. The bankruptcy court held that it was reasonable for Centrum to rely on a written consent providing Errez with authority to negotiate the terms of any loan without the approval of Auburn Ace's board of directors.

The bankruptcy court properly granted summary judgment because there was no material factual dispute that the written consent and an opinion letter from Auburn Ace's corporate attorney bestowed upon Errez, at a minimum, apparent authority to enter into the loan. *See Hoglund v. Meeks*, 170 P.3d 37, 44 (Wash. App. 2007) ("The principal is bound by the act of his agent when he has placed the agent in such position that persons of ordinary prudence, reasonably conversant with business usages and customs, are thereby led to believe and assume that the agent is possessed of certain authority and to deal with him in reliance upon such assumption.") (citation and alteration omitted). Because the title insurance company confirmed Errez's apparent authority on Centrum's behalf, Centrum "actually believe[d] such authority existed." *BP Land & Cattle LLC v. Balcom &*

2

*Moe, Inc.*, 86 P.3d 788, 790 (Wash. App. 2004), *as amended* (citation omitted); *see also W.L. Feely Lumber Co. v. Bookstaver-Burns Lumber Co.*, 43 P.2d 953, 955 (Wash. 1935) ("The apparent authority, so far as third persons are concerned is the real authority, and when a third person has ascertained the apparent authority with which the principal has clothed the agent, he is under no further obligation to inquire into the agent's actual authority.") (citation omitted).[1]

**AFFIRMED.**

---

[1] Because the bankruptcy court properly granted summary judgment premised on Errez's apparent authority to enter into the loan, we do not address the parties' alternative arguments regarding actual authority, the Washington Deed of Trust Act, election of remedies, ratification of the loan, or equitable subrogation.